# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DONTE TERRELL CARTER**                                            **PLAINTIFF**
**ADC #155684**

v.                      No: 3:19-cv-00336 DPM-PSH

**TONI RAYMOND**                                                  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Donte Terrell Carter filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 22, 2019, while incarcerated at the Craighead County Detention

Center (Doc. No. 2).[1]  Carter was ordered to file an amended complaint to fully describe his claims.  Doc. No. 6.  Carter subsequently filed an amended complaint and an addendum.  Doc. Nos. 7 & 8.  The Court gave Carter another opportunity to amend his complaint, instructing him to describe his medical needs and how his rights had been violated.  Doc. No. 9.  The Court also instructed Carter to explain why he sued defendant Toni Raymond in her official capacity only.  *Id.*  In response, Carter filed a notice stating that he had already filed an amended complaint and clarifying that he is suing Raymond because she took payment to treat his wisdom tooth but did not provide any treatment.  Doc. No. 11.

For the reasons stated herein, Carter's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is

---

[1] Carter is currently incarcerated in the Arkansas Department of Correction's Cummins Unit.  *See* Doc. No. 10.

entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Carter sues Raymond in her official capacity only. *See* Doc. No. 7 at 2. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the defendant county employee can only be held liable in her

official capacity in this case if Carter can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

Carter complains that Raymond did not treat his wisdom tooth but accepted payment for such treatment. Doc. No. 11. Carter was instructed to explain why he sued Carter in her official capacity on two occasions, and he has not done so. *See* Doc. Nos. 6 & 9. Carter does not assert that a custom or policy of Craighead County was the moving force behind the claimed violations of his constitutional rights. Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Carter's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 24th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE